**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIAOJUAN LIU, | No. 10-70539 |
| Petitioner, | Agency No. A099-407-583 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Xiaojuan Liu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Liu's testimony regarding when her IUD was removed, and regarding what day of the week the police required her to report after her arrest. *See id*. at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"); *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (upholding agency finding that explanations were insufficient). In the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Liu's CAT claim is based on the same testimony found to be not credible, and she does not point to any other evidence that shows it is more likely than not she would be tortured if returned to China, her CAT claim also fails. *See id*. at 1156-57.

Finally, in her opening brief, Liu contends the agency denied her a full and fair hearing and the IJ abandoned her role as a neutral fact-finder. We lack jurisdiction over these due process claims because Liu did not exhaust them before the agency. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (no jurisdiction to review due process claim where petitioner failed to exhaust the claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**